# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| R2 SOLUTIONS LLC,<br>*Plaintiff,*<br><br>v.<br><br>FedEx Corporate Services, Inc.,<br>*Defendant.* | §<br>§<br>§<br>§   Civil Action No.  4:21-cv-940<br>§   Judge Mazzant<br>§<br>§<br>§<br>**§** |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant FedEx Corporate Services, Inc.'s Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Dkt. #12). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

### BACKGROUND

Plaintiff R2 Solutions LLC ("R2") filed the instant suit against Defendant FedEx Corporate Services, Inc. ("FedEx") on November 29, 2021, for infringement of United States Patents Nos. 7,698,329 ("the '329 Patent"), 8,190,610 ("the '610 Patent"), and 8,341,157 ("the '157 Patent") (collectively, "the Asserted Patents"). R2 alleges infringement by four FedEx systems: "the FedEx.com . . . tracking engine" ("the Tracking Engine"); "the FedEx.com search . . . engine" ("the FedEx.com Search Engine"); a job search engine ("the Job Search Engine"); and "the FedEx Services data analytics system built on Apache Hadoop" ("the Data Analytics System") (collectively, "the Accused Systems").

R2 is a Texas limited liability company located in Frisco, Texas—which is located in the Eastern District of Texas (Dkt. 18 ¶ 1). FedEx is incorporated under the laws of the State of Delaware and its headquarters are located in Memphis, Tennessee (Dkt. #18 ¶ 2).

On March 28, 2022, FedEx filed the present motion, requesting that the case be transferred

to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a).  On April 15, 2022, R2 responded (Dkt. #20).  FedEx replied on April 28, 2022 (Dkt. #28).  R2 filed its sur-reply on May 5, 2022 (Dkt. #30).

## LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 313 (5th Cir. 2008).  However, there is a strong presumption in favor of a plaintiff's choice of his or her home venue, "which may be overcome only when the private and public factors [cited below] clearly point towards trial in the alternative forum." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  "There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'" *Id.* (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

"The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed,' or whether all parties have consented to a particular jurisdiction." *E-Sys. Design, Inc. v.*

*Mentor Graphics Corp.*, 4:17-CV-00682, 2018 WL 2463795, at *1 (E.D. Tex. June 1, 2018) (quoting *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004)). If the threshold inquiry is satisfied, "the focus shifts to whether the party requesting the transfer has demonstrated the 'convenience of parties and witnesses' requires transfer of the action, considering various private and public interests." *Int'l Fidelity Ins. Co. v. Bep Am., Inc., et al.*, A-17-CV-973-LY, 2018 WL 2427377, at *2 (W.D. Tex. May 29, 2018) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 1974)).

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen II*, 545 F.3d at 315 (citations omitted); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the interest in having localized issues decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or applying the foreign law. *Id.* These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Vivint La., LLC v. City of Shreveport*, CIV.A. 14-00617-BAJ, 2015 WL 1456216, at *3 (M.D. La. Mar. 23, 2015) (quoting *Volkswagen I*, 371 F.3d at 203).

## ANALYSIS

FedEx requests the Court transfer this case to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a). R2 opposes the transfer. The Court finds transfer is not appropriate in this case.

As an initial matter, FedEx asserts—and R2 does not contest—this case could have

originally been brought in the Western District of Tennessee. A patent infringement action "may be brought in [a] judicial district . . . where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). FedEx is headquartered in Memphis, and therefore has a regular and established place of business in the Western District of Tennessee. Thus, the Court finds the threshold inquiry is satisfied. Accordingly, the Court turns to analyzing the private and public interest factors to determine whether FedEx has met its burden of showing that the Western District of Tennessee is clearly more convenient than the Eastern District of Texas in this case.

## I.     Private Interest Factors

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The Court will consider each factor, in turn.

### A.  The Relative Ease of Access to Sources of Proof

FedEx argues this factor strongly favors transfer. R2 responds that "FedEx has not shown that evidence is meaningfully more accessible in [the Western District of Tennessee] than this District." (Dkt. #20 at p. 6).

In patent cases, courts "will look to the location[s] where the allegedly infringing products were researched, designed, developed[,] and tested." *XY, LLC v. Trans Ova Genetics, LLC*, No. W-16-CA-00447, 2017 WL 5505340, at *13. (W.D. Tex. Apr. 5, 2017) (citing *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Further, courts recognize that in such cases "the bulk of the relevant evidence usually comes from the accused infringer," and they accordingly weigh "the place where the defendant's documents are kept . . . in favor of transfer to that location."

4

*In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)). The mere fact that relevant documents may also be accessible electronically from other locations "does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316; *see also R2 Sols. LLC v. Target Corp.*, No. 4:21-cv-92, 2021 WL 2550908, at *2 (E.D. Tex. June 22, 2021) ("While evidence is increasingly available electronically, the Court still considers the physical locations of evidence.").

FedEx argues nearly all relevant sources of proof are located in the Western District of Tennessee. Specifically, the relevant source code, data, and software for the allegedly infringing systems were developed in Memphis and are stored on FedEx servers in Memphis. Further, none of FedEx's source code or documentary evidence is located in Texas. Rather, "considerable documentary evidence . . . is stored in Cloud-based repositories managed in part by, or shared with, FedEx employees working in Memphis" (Dkt. #12 at p. 15).

R2 counters that most of the evidence is stored on servers that can be accessed anywhere (Dkt. #21 at p. 6). But even if the relevant documents are easily accessible in the Eastern District of Texas, this Court has recognized that "under current precedent, such realities do not prevent this factor from weighing in [R2's] favor." *Unicorn Energy GMBH v. Tesla, Inc.*, No. 2:20-CV-338, 2021 WL 4034515, at *2 (E.D. Tex. Sept. 3, 2021) (citing *Volkswagen II*, 545 F.3d at 316; *In re Genentech*, 566 F.3d at 1346). That said, "the location of documents is given little weight in determining proper venue unless the documents are so voluminous [that] their transport is a major undertaking." *Yoo v. IM*, No. 4:17-cv-446, 2018 WL 549957, at *7 (E.D. Tex. Jan. 24, 2018) (internal citations omitted). Accordingly, the Court finds this factor weighs in favor of transfer, but only slightly.

### B. The Availability of Compulsory Process

FedEx argues this factor favors transfer. FedEx points to five categories of non-party witnesses who all possess relevant information to R2's claims.[1] At least five of the witnesses work in Memphis, and are thus subject to the Western District of Tennessee's subpoena power. Further, FedEx argues it expects at least three of those witnesses to testify at depositions and trial. The remaining non-party witnesses that FedEx expects to testify reside in California, Florida, New Jersey, New York, Washington, and India. Thus, the Eastern District of Texas lacks subpoena power over any of these witnesses. *See* FED. R. CIV. P. 45(c)(1). Given the location of at least five of the witnesses, the Western District of Tennessee has subpoena power over them. *See* FED. R. CIV. P. 45(c)(1)(C) (permitting a court to compel attendance "within 100 miles of where the person resides, is employed, or regularly transacts business in person"). And "[t]he fact that the transferee venue is a venue with useable subpoena power . . . weighs in favor of transfer, and not only slightly." *Diece-Lisa Indus., Inc. v. Disney Store USA, L.L.C*., No. 212-CV-00400, 2020 WL 1332881, at *8 (E.D. Tex. Mar. 23, 2020) (quoting *In re Genentech*, 556 F.3d at 1345).

R2 responds that FedEx failed to establish these are unwilling witnesses. However, "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc*., No. 2018-149, 2018 WL 4692486, at *3 n.3 (Fed. Cir. Sept. 25, 2018) (citing *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-CV-00513, 2018 WL 2329752, at *6 (E.D. Tex. May 23, 2018)). Accordingly, the Court considers the non-party individuals identified by FedEx as unwilling witnesses unlikely,

---

[1] These categories of witnesses are as follows: (1) a former FedEx employee, Mr. Cohen, who has knowledge of the Tracking Engine; (2) Wipro personnel— including Mr. Kaushik, Mr. Kumar, Mr. Murugesan, and Mr. Vungarala— who have knowledge of the FedEx.com Search Engine; (3) iCIMS personnel with knowledge of the Job Search Engine; (4) inventors of the Asserted Patents; and (5) practitioners who prosecuted the Asserted Patents (Dkt. #12 at p. 9).

barring compulsion, to travel from to the Eastern District of Texas to assist the parties at trial.

R2 also argues FedEx has failed to establish the relevance and materiality of the information these witnesses would provide. However, FedEx asserts these witnesses have knowledge of the Tracking Engine and FedEx.com Search Engine, two of the Accused Systems. The Court, therefore, is satisfied these witnesses have relevant information to R2's claims.

Finally, R2 points to two non-party witnesses who are subject to the Court's subpoena power. Even assuming these witnesses have material and relevant information, FedEx's five identified unwilling witnesses outnumber R2's two. Thus, this factor weighs in favor of transfer.

### C. The Cost of Attendance for Willing Witnesses

FedEx argues that this factor weighs strongly in favor of transfer. FedEx identifies six of its employees who work in Memphis and will testify at deposition and trial. FedEx argues that compelling these employees to travel to the Eastern District of Texas would result in a significant drain on their time and resources. Moreover, FedEx posits there are no identifiable willing witnesses in the Eastern District of Texas. The other FedEx employees it intends to call reside in California, Florida, Illinois, Michigan, Ohio, and Pennsylvania.

R2 responds that this factor is neutral because, while there are a number of willing witnesses, the convenience to non-party witnesses is afforded greater weight (Dkt. #20 at p. 16 (citing *Good Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-cv-134, 2017 WL 750290, at *5 (E.D. Tex. Feb. 27, 2017)). While it is true that even this Court has recognized that the convenience of the movant's employees and party witnesses is given little weight, *Scrum Alliance, Inc. v. Scrum, Inc.*, No. 4:20-CV-227, 2021 WL 1845154, at *7 (E.D. Tex. May 7, 2021), this does not mean convenience of party witnesses is given no weight.

That said, R2 has identified one willing party witness located in Texas, but that witness

resides in Austin, Texas—located in the Western District of Texas. R2 also argues eighteen FedEx employees—who R2 identifies by name—are located in the Dallas-Fort Worth area that have material information (Dkt. #20 at p. 12). R2 produced this number through LinkedIn research. However, in its reply, FedEx clarified that four of the identified individuals are not FedEx employees, while another four work in Memphis. But FedEx concedes the remaining ten witnesses are FedEx employees who reside in Plano, Texas—located in the Eastern District of Texas. Thus, more willing party witnesses appear to reside in the Eastern District of Texas than in the Western District of Tennessee. Therefore, the Court finds this factor weighs against transfer.

### D. All Other Practical Problems

FedEx argues this factor is neutral. R2 asserts this factor weighs heavily against transfer, as transfer would undermine judicial economy.

"This factor concerns judicial economy, including duplicative suits involving the same or similar issues that may create practical difficulties." *Lifestyle Sols., Inc. v. Abbyson Living, LLC*, No. 2:16-cv-1290, 2017 WL 5257006, at *4 (E.D. Tex. Nov. 10, 2017) (citing *In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349, 1351 (Fed. Cir. 2009)). "These problems especially deserve consideration when the same patent is simultaneously being litigated in another district." *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp. 2d 731, 737 (E.D. Tex. 2005) (citations omitted); *accord Cont'l Grain Co. v. The Barge FBL—585*, 364 U.S. 19, 26 (1960) (explaining "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent."); *Volkswagen III*, 566 F.3d at 1351; *TiVo Inc. v. Verizon Communs, Inc.*, No. 2:09-cv-257, 2010 WL 11468564, at *9 (E.D. Tex. Sept. 17, 2010).

At the time R2 filed suit, R2 had already filed nine other actions in the Eastern District of Texas that involved at least two of the Asserted Patents. One is still pending and involves the same patents. *See* No. 4:21-cv-940. It would be inefficient for numerous districts across the country to resolve similar disputes based on the same patents. *See Centre One v. Vonage Holdings, Corp.*, No. 6:08-cv-467, 2009 WL 2461003, at *7 (E.D. Tex. Aug. 10, 2009) (holding that defendant's "convenience alone fails to outweigh the glaring inefficiency of prosecuting two, nearly identical, complex patent infringement cases in different fora"). Even more, transferring could result in inconsistent rulings and claim construction, which is the exact problem courts try to avoid when analyzing this factor. *Va. Innovation Scis., Inc. v. Amazon.Com, Inc.*, No. 4:18-cv-475, 2019 WL 3082314, at *27 (E.D. Tex. July 15, 2019). Thus, this factor weighs against transfer.

## II.     Public Interest Factors

The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *See Volkswagen II*, 545 F.3d at 315. The Court will consider each factor, in turn.

### A.  The Administrative Difficulties Flowing from Court Congestion

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963). This factor considers the "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d at 1347.

FedEx argues this factor favors transfer, as the Western District of Tennessee has a less congested docket. R2 responds that the Western District of Tennessee would cause significant

delay due to a backlog of cases resulting from the COVID-19 pandemic. However, the statistics bely R2's point.

As of September 30, 2021, 3,191 civil cases were pending in the Eastern District of Texas, whereas only 1,395 civil cases were pending in the Western District of Tennessee. https://www.uscourts.gov/statistics/table/c-1/judicial-business/2021/09/30. Further, the median time to trial in the Western District of Tennessee is 20.9 months, while the median time to trial in the Eastern District of Tennessee is 22.1 months. https://www.uscourts.gov/statistics/table/t-3/judicial-business/2021/09/30. "Recognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989). The Federal Circuit has even acknowledged Congress's interest in the "quick" resolution of patent disputes. *See, e.g., Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016). Thus, this factor weighs in favor of transfer, as the time frame for disposition in the Western District of Tennessee is slightly short than here, and it has a significantly smaller caseload than the Eastern District of Texas.

### B. The Local Interest in Having Localized Interests Decided at Home

The second public interest factor is the local interest in having localized interests decided at home. *Volkswagen II*, 545 F.3d at 315. "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (quoting *Gilbert*, 330 U.S. at 508–09). However, the mere sale of "several" or "some" of the allegedly infringing products in a given district is not enough to shift this factor in favor of one party. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008).

FedEx argues that this factor weighs strongly in favor of transfer. FedEx argues it, and therefore this case, has a strong connection to the Western District of Tennessee, whereas R2 has

10

only "nominal ties" to the Eastern District of Texas (Dkt. #12 at p. 14). R2 argues both districts have an interest in deciding this case.

On the one hand, the Western District of Tennessee would likely have a local interest in this case. FedEx is headquartered in Memphis, located in the Western District of Tennessee. Further, the events forming the basis of the alleged infringement would have occurred in that office. Further, because this case could call into question the work and reputation of several individuals who work in the community, the Western District of Tennessee would have a localized interest. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). On the other hand, because R2 is located in Texas, and the owner of the patent at issue, this case does have a significant connection to this district. *See iFly Holdings LLC v. Indoor Skydiving Germany GMBH*, 2015 WL 5909729, at *5 (E.D. Tex. Oct. 7, 2015) ("Texas residents have a strong interest in deciding a patent infringement dispute involving a patent owned by a Texas company."). Therefore, after weighing the local interest of both districts, the Court finds this factor neutral.

### C. The Familiarity of the Forum with the Law that will Govern the Case and the Avoidance of Unnecessary Problems of Conflict of Laws

FedEx argues these factors are neutral. R2 does not address them. Both the Eastern District of Texas and Western District of Tennessee are capable of applying patent law. Thus, the Court agrees these factors are neutral.

### III. Transfer is Not Appropriate in this Case

After an analysis of the private and public factors, the Court finds that three factors weigh for transfer, two weigh against transfer, and three are neutral. The following factors weigh for transfer: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; and (3) the administrative difficulties flowing from court congestion. However, the first factor—the relative ease of access to proof—is given less

11

weight considering the ease of accessibility through Cloud-based storage.  Furthermore, the third factor—the administrative difficulties flowing from court congestion—is considered "the most speculative" factor.  *In re Genentech, Inc.,* 566 F.3d at 1347.  The Court, therefore, accords this factor less weight as well.  Finally, judicial economy strongly weighs against transfer as it could lead to overlapping issues being simultaneously adjudicated in different districts.  *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345 (Fed. Cir. 2010).

On balance, the Court finds that FedEx did not satisfy its burden to establish that the factors "clearly point toward" transfer.  *Vasquez*, 325 F.3d at 672.  Exercising its broad discretion, the Court does not find transfer to be clearly more convenient or necessary in the interest of justice.  *See id.*

## CONCLUSION

It is therefore **ORDERED** Defendant FedEx Corporate Services, Inc.'s Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Dkt. #12) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 6th day of July, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE